ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NELSON FIGUEROA, | ) |
| | ) CASE NO. 1:16CR81 |
| Petitioner, | ) 1:20CV259 |
| | ) |
| v. | ) |
| | ) Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) |
| | ) **ORDER** |
| Respondent. | ) |
| | ) |

Pending before the Court is Petitioner Nelson Figueroa's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 58. The motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Figueroa's sole contention is that his trial counsel was ineffective for failing to advise him of the consequences of an untimely guilty plea. Figueroa's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Figueroa must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel

must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Figueroa must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Figueroa argues at length that he was prejudiced by his counsel's failure to advise him that he could lose the third point related to acceptance of responsibility if he failed to plead guilty in a timely manner. Figueroa asserts that this third point would have altered his Guideline range and therefore prejudiced him. In so arguing, however, Figueroa ignores that his Guideline range was impacted by U.S.S.G. 5G1.1. "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. 5G1.1(a). In the instant matter, without the third point for acceptance, Figueroa's initial Guideline range was 110 to 137 months. As that range exceeded

the statutory maximum of 8 years/96 months, Figueroa's final Guideline range became 96 months. Assuming *arguendo* that Figueroa had received the third point for acceptance, his initial Guideline range would have been 100 to 125 months.  As the low end of the Guidelines still would have exceeded the statutory maximum, Figueroa's final Guideline range would have remained 96 months.  In other words, Figueroa's final Guideline range was not impacted by his receipt of this alleged improper advice.  Accordingly, Figueroa cannot demonstrate the prejudice prong of his claim of ineffective assistance of counsel.

Figueroa's motion is DENIED.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

December 31, 2020 /s/John R. Adams
Date John R. Adams
U.S. District Judge